**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MODESTO LEONEL URRUTIA, AKA Modesto Urrutia Castillo, AKA Lionel Urrutia Leonel, AKA Leonel Urritia, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 18-73404 <br><br> Agency No. A028-574-930 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020**

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Modesto Leonel Urrutia, a native and citizen of Nicaragua, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

In his opening brief, Urrutia does not make any arguments challenging the agency's dispositive adverse credibility determination. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to Urrutia's withholding of removal claim.

Substantial evidence supports the agency's denial of CAT relief because it was based on the same testimony the agency found not credible, and Urrutia points to no other evidence in the record that compels the conclusion that it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Nicaragua. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

We lack jurisdiction to consider Urrutia's contentions as to a proposed particular social group, cancellation of removal, and adjustment of status because he failed to raise these issues before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

18-73404

Urrutia does not make any arguments challenging the BIA's denial of his due process claim.  *See Lopez-Vasquez*, 706 F.3d at 1079-80.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**